```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MARK CARGILL,

         Petitioner,

 -against-

THE NEW YORK CITY DEPARTMENT OF
CORRECTIONS, THE WARDEN OF THE RIKERS
ISLAND CORRECTIONAL FACILITY, and THE
DIRECTOR OF THE OFFICE OF HOMELAND
SECURITY f/k/a THE IMMIGRATION AND
NATURALIZATION SERVICE,

         Respondents.
------------------------------------------------------------------- X

**ORDER DENYING APPLICATION FOR ORDER TO SHOW CAUSE**

07 Civ. 6667 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Petitioner Mark Cargill, by his attorney, Paul B. Dalnoky, applies for an order directing Respondents to show cause why this Court should not order that Respondents release Petitioner from custody, or in the alternative, order that a New York City Criminal Court Judge or an Immigration Judge conduct a bail hearing to set reasonable bail for Petitioner. The application is DENIED.

  Petitioner's proposed "order to show cause" is a vehicle typically employed in connection with motion for a preliminary injunction under Rule 65(a), Fed. R. Civ. P. But Petitioner's supporting affidavit gives no reason why he should not proceed by a petition for writ of habeas corpus that complies with all of the Rules Governing Section 2254 Cases in the United States District Courts, the statute he cites to support his motion. Nor does the affidavit allege that Petitioner is held in custody in violation of the Constitution or laws or treaties of the United States, 28 U.S.C. § 2254(a), or that he has exhausted his state law remedies, see United States ex rel. Shakur v. Commissioner of Corrections, 303 F. Supp. 303, 305 (S.D.N.Y. 1969) (finding

petitioners' claims exhausted where they had "appeals pending before the New York Court of Appeals after unsuccessful attempts to reduce their bails by way of habeas corpus applications before the lower state courts.") (citing People ex rel. Shapiro v. Keeper of City Prison, 290 N.Y. 393, 49 N.E.2d 498 (1943)). Indeed, Mr. Dalnoky's affidavit in support of the application for an order to show cause is not signed, dated, or notarized. Thus as a substitute for a petition for writ of habeas corpus, the affidavit and accompanying proposed order to show cause are inadequate, and the order shall not issue.

As to Petitioner's alternative request for an order directing a New York City Criminal Court Judge or Immigration Judge to conduct a bail hearing, the statute Petitioner cites, 28 U.S.C. § 2254, does not authorize such order, and it is unlikely that Petitioner could locate a legal authority that does. Cf. Younger v. Harris, 401 U.S. 37 (1971).

SO ORDERED.

Dated:   July ____, 2007
         New York, New York

_____
George B. Daniels
Part I Judge
JUL 2 5 2007

**HON. GEORGE B. DANIELS**
on behalf of Judge Hellerstein

-2-